# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN HEATH GORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 07-020-RAW-KEW |
| ) | |
| RANDOLPH WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On January 18, 2007, petitioner filed a motion for an evidentiary hearing regarding his mental health records. [Docket #3]. The court denied the motion, finding petitioner had failed to meet the requirements for an evidentiary hearing. [Docket #12]. He subsequently filed a motion to reconsider the denial of an evidentiary hearing. [Docket #17].

Petitioner's initial motion for an evidentiary hearing set forth the following request:

> The Petitioner's exhibits that pertain to his mental health are truncated case notes in very complex form. The qualified mental health experts responsible for composing said case notes are capable of efficiently and correctly interpreting their contents from a clinical perspective.

[Docket #3].

The requirements for an evidentiary hearing are as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner has raised the issue of his competency in his habeas corpus petition by alleging his trial and appellate counsel were ineffective in failing to investigate or present the question of competency. Petitioner argues he should receive an evidentiary hearing in this court, because both the trial court and the Oklahoma Court of Criminal Appeals denied his requests for a hearing.

The court has reviewed the mental health records submitted in this case and is satisfied there is no need for a mental health expert to interpret the documents. The court further finds, as in its earlier order, that petitioner has failed to meet the requirements of 28 U.S.C. § 2254(e)(2). Therefore, his motion to reconsider [Docket #17] is DENIED.

Petitioner also has filed a motion to release evidence or to hold a hearing. [Docket #22], requesting a copy of the redacted videotape of his mother that was shown to the jury at his trial. The record shows the defense offered hearsay statements allegedly made by petitioner's mother that she feared the victim. *Gore v. State*, No. F-2003-915, slip op. at 2 (Okla. Crim. App. Jan. 18, 2005). The State countered the defense's assertions with a redacted videotape of the mother's police interview. *Id.*, slip op. at 1-2. The record shows the State provided the defense with a complete copy of the mother's interviews, and the redacted version contains only the statements that contradicted the defense's claim of the mother's state of mind. [Docket #11, Exhibit 2 at 10]. The trial court agreed to allow the

defense to show the entire interview at trial, but the defense decided not to present it to the jury. *Id*. Petitioner now wants a copy of the redacted videotape, claiming he has had no opportunity, "other than his vague memory," to review the actual tape or a transcript of it. [Docket #22 at 1].

The court has carefully reviewed the record and finds the actual videotape is not required for resolution of this claim. The issue petitioner is presenting in Ground I of his petition does not concern the content of the recording. Instead, he is asserting a violation of his Sixth Amendment right to confrontation. The record is well developed on this claim, and a viewing of the videotape is unnecessary. Therefore, petitioner's motion to provide the videotape or to hold a hearing [Docket #22] also is DENIED.

ACCORDINGLY, petitioner's motion to reconsider [Docket #17] and his motion to release evidence or to hold a hearing [Docket #22] are DENIED.

**IT IS SO ORDERED** this 30th day of January, 2008.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**