IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA   FILED

NOV - 9 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

JUSTIN HEATH GORE, )
)
Petitioner, )
)
v. ) Case No. CIV 07-020-RAW-KEW
)
ERIC FRANKLIN, Warden, )
)
Respondent. )

## OPINION AND ORDER

On November 9, 2010, the court held a hearing on the respondent's motion to strike petitioner's witness and exhibit list [Docket #65]. After the respondent filed his motion, petitioner filed a revised witness and exhibit list [Docket #68] that was considered in the hearing. Petitioner announced he intends to call the following witnesses at the evidentiary hearing: Justin Gore, Gregory Delozier, Ruby Tibbs, Rita Allen, Katie Reeves, Jay Johnson, Katrina Conrad-Legler, and Stuart Sutherland. Petitioner also intends to present affidavits by Mary Choate, Ruby Allen, and Linda Taylor, along with Sean Stevens' deposition.

In her Report and Recommendation of February 26, 2010, the Magistrate Judge found that neither trial nor appellate counsel was ineffective in failing to raise a claim of petitioner's competency. [Docket #24 at 27-29]. Furthermore, the Magistrate Judge has been instructed by the District Judge to conduct an evidentiary only on the issue of ineffective trial and appellate counsel with respect to the plea offer. [Docket #31 at 2]. Therefore, testimony by Rita Allen, Director of Health Information Management at Griffin Memorial Hospital, regarding petitioner's mental health would not be relevant, and she may not testify.

Petitioner also intends to call Stuart Sutherland of the Tulsa County Public Defender's Office about the rules, practices, and standards of practice involved in Oklahoma appellate

practice, including appellate counsel's duty to investigate issues concerning ineffective trial counsel. The court finds that such testimony is not required, because there already has been a finding by the Magistrate Judge that trial and appellate counsel were ineffective with respect to the issue of the plea offer.

The respondent has requested access to petitioner's direct appeal file and has asked permission to depose petitioner's direct appeal counsel Katrina Conrad-Legler. In accordance with *United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009), the court has reviewed petitioner's appellate file to carefully tailor any requirement to disclose this information. The court has determined that four pages of the file are relevant to petitioner's habeas corpus claim of ineffective assistance of trial counsel. Therefore, those four pages shall be filed under seal with this order, and the respondent is granted leave to depose petitioner's appellate counsel on the issue of ineffective assistance of trial counsel.

**ACCORDINGLY,** the respondent's motion to strike petitioner's witness and exhibit list [Docket #65] is GRANTED to the extent only Justin Gore, Gregory Delozier, Ruby Tibbs, Katie Reeves, Jay Johnson, and Katrina Conrad-Legler shall be permitted to testify at petitioner's evidentiary hearing. The four pages of petitioner's appellate counsel's records that concern his claim of ineffective assistance of trial counsel shall be filed under seal with this order, and the respondent is granted leave to depose petitioner's appellate counsel Katrina Conrad-Legler on this issue.

**IT IS SO ORDERED** this 9th day of November 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE